**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                                                          **No. 11-cv-0416 JB/SMV**

**MARK HOPKINS, et al.,**

    **Defendants.**

### ORDER DENYING DEFENDANT MARK HOPKINS' MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Defendant Mark Hopkins' Letter of September 30, 2012 [Doc. 93] ("Motion"), which the Court construes as a Motion for Appointment of Counsel. Plaintiff has not responded to the motion, nor is a response needed. Mr. Hopkins has failed to show that there is sufficient complexity or merit in his claims to warrant the Court's requesting assistance of counsel. The Court, having reviewed the Motion, the entire record, the relevant case law, and being otherwise fully advised in the premises, FINDS that the Motion is not well-taken and should be denied.

There is no right to counsel in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006); *United States v. Gosnell*, 961 F.2d 1518, 1521 (10th Cir. 1992) (no right to counsel in civil taxpayer case similar to the one at bar). Moreover, United States District Courts lack the authority to appoint counsel to represent indigent prisoners in most civil cases. *See Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel for an indigent

inmate, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Ruck v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the prisoner "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

Mr. Hopkins requests counsel on behalf of his wife and himself because they have "hit a point in the case in which we need assistance from an attorney who is willing to act on our behalf in taking depositions." Motion [Doc. 93] at 1.  He explains that because he is incarcerated, he cannot travel to take depositions and cannot use the telephone for more than 15 minutes at a time, with one-hour waiting periods between each call.  *Id.* at 2.  Further, Mr. Hopkins requests an attorney because in prison he has "extremely limited resources" to litigate, such as "ancient" computers, no internet access, and an out-of-date law library.  *Id.* at 1–2.  However, he concedes that, these issues notwithstanding, he has been successful in moving the Court to compel certain discovery.  *Id.* at 2.

As an initial matter, Mr. Hopkins may not file papers on behalf of Mrs. Hopkins because he is not her attorney.  *Fymbo v. State Farm Cas. & Fire Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see* 28 U.S.C. § 1654.  Next, the Court is satisfied that Mr. Hopkins is indigent for purposes of § 1915.  *See United States v. Hopkins*, No. 09-cr-0863 [Doc. 310] (D.N.M. June 8, 2011) (order granting *in forma pauperis* status).  However, the reasons provided by Mr. Hopkins do not warrant a request for voluntary assistance of counsel.  *See Lewis v. Casey*, 518 U.S. 343,

355 (1996) (Incarceration may impair the capacity to litigate as one prefers, but such impairment "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

Applying the *Rucks* factors, the Court finds that requesting counsel for Mr. Hopkins is not appropriate at this time. First, considering his criminal conviction and courts' repeated rejection of arguments such as his, there does not appear to be sufficient merit in his position to warrant request of counsel. *See United States v. Hopkins*, No. 09-cr-0863 (D.N.M. 2011) (conviction); *compare* Defendant's [Response] to Plaintiff's Motion for Summary Judgment [Doc. 97] at 6–7 (Mr. Hopkins asserts that his earnings were "exempt" and, therefore, not taxable), *with e.g., Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (courts have universally rejected varied challenges to the taxability of wages).

Second, the nature of the factual issues in this case is straightforward. Third, and importantly, Mr. Hopkins is quite ably representing his positions. Indeed, he does not assert otherwise. Despite the inconveniences in litigating caused by his incarceration, he has filed more than a dozen motions, [Docs. 40, 60, 61, 87, 93, 98, 99, 106, 108, 109, 117, 119, 120], attended at least one telephonic hearing, [Doc. 90] at 1, and been successful in a motion to compel discovery, *id.* Although Mr. Hopkins initially requested counsel to assist him in conducting depositions because he could not leave the prison and had limited access to the telephone, since that time, he has aptly explored alternatives such as taking depositions by written question. Finally, the legal issues in the case are not so complex as to warrant counsel at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Mark Hopkins' Letter of September 30, 2012 [Doc. 93] requesting appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**