IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                No. 11-cv-0416 JB/SMV

MARK HOPKINS, et al.,

    Defendants.

**ORDER TO SHOW CAUSE
WHY SANCTIONS SHOULD NOT BE IMPOSED UNDER RULE 37
and
NOTICE OF TELEPHONIC HEARING ON ORDER TO SHOW CAUSE AND
ON PENDING DISCOVERY MOTIONS [DOCS. 99, 108, 109, 117]**

THIS MATTER is before the Court on five related motions:  (1) Defendant Mark Hopkins' Motion to Sanction Plaintiff and Assistant U.S. Attorney Manuel Lena[,] Jr. [Doc. 98], filed on August 16, 2012; (2) Defendant[ Mark Hopkins'] Motion to Expand Time to Complete Discovery [Doc. 99], filed on August 16, 2012; (3) [Mark] Hopkins' Motion to Request Leave of the Court to Correct Error [Doc. 108], filed on September 14, 2012; (4) [Mark] Hopkins' Supplemental Request for Discovery through Interrogatories [Doc. 109], filed on September 14, 2012; and (5) [Mark Hopkins'] Motion for Leave of Court to Cure Defect and Acquire Discovery by Deposition through Subpoena with Expansion of Time [Doc. 117], filed on October 12, 2012.

Rule 37 requires sanctions in certain instances.  For example, where a party's motion to compel disclosure or discovery is granted, or where the disclosure or discovery is provided after a motion to compel is filed, the court "must" order the non-moving party or its attorney to pay

the movant's reasonable expenses.  Fed. R. Civ. P. 37(a)(5)(A).  Of course, there are exceptions.  If the moving party did not attempt in good faith to confer with the opposing party to obtain the discovery before involving the court, or if the non-moving party's position was substantially justified, sanctions may not be warranted.  *Id.*

Here, it appears from the record that the government may have failed to comply with Fed. R. Civ. P. 26(a) when it omitted the addresses of the IRS agents from its initial disclosures.  *See* [Doc. 90] at 2.  It also appears from the record that the government may have failed to comply with Fed. R. Civ. P. 33 when it responded to Mr. Hopkins' interrogatories.  *See* [Doc. 60] at 12−19.  Then, after Mr. Hopkins' wrote to counsel for the government and filed a motion to compel, the United States apparently produced some of the requested discovery.  *See* [Doc. 90] at 1.  Accordingly, the United States may be subject to sanctions under Rule 37.

**IT IS THEREFORE ORDERED** that Plaintiff show cause why the Court should not impose sanctions under Fed. R. Civ. P. 37.

**IT IS FURTHER ORDERED** that the telephonic show cause hearing will be held on **Monday, December 10, 2012, at 9:30 a.m.**  Parties and counsel shall call Judge Vidmar's Meet Me Line at 505-348-2357 to connect to the proceedings.

**IT IS FURTHER ORDERED** that the parties will be heard on the pending discovery motions [Docs. 99, 108, 109, 117] at the December 10 hearing.

Finally, the Meet Me Line accommodates only five incoming telephone lines.  If more than five lines attempt to join the hearing, such lines will be rejected and will not be able to participate.  Assuming that Mr. Hopkins and Mrs. Hopkins will each utilize one of the incoming

lines, only three lines will remain. Thus, **IT IS FURTHER ORDERED** that Counsel for the United States shall coordinate with the other attorneys in this case to ensure that all counsel who will participate in the hearing can do so with the three remaining incoming telephone lines.

    **IT IS SO ORDERED.**

                                            _____
                                            **STEPHAN M. VIDMAR**
                                            **United States Magistrate Judge**