## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                 No. CIV 11-0416 JB/CG

MARK HOPKINS; SHARON HOPKINS;
HOUSE OF ROYALE, INC.; SHALOM
ENTERPRISES, INC.; VICKI L. ASHCRAFT and
SUSAN G. SHADIX as trustees for GRACE
TRUST; ADVANCED ELECTRONICS; STATE
OF NEW MEXICO REVENUE DEPARTMENT;
and BAYVIEW LOAN SERVICING, LLC.

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Defendant Mark Hopkins' Motion to Extend Time, filed May 29, 2012 (Doc. 60); (ii) M. Hopkins' Motion to Compel Discovery and Motion to Expand Time, filed June 5, 2012 (Doc. 61)("Motion to Compel"); and (iii) M. Hopkins' Motion to Appear at Motion Hearing by Telephonic Conference, filed July 19, 2012 (Doc. 87). The Court held a hearing on July 24, 2012. The primary issues are: (i) whether the Court should grant Defendant Mark Hopkins' request in his Motion to Extend Time for a ninety-day extension of the Court's June 15, 2012, deadline to terminate discovery; (ii) whether the Court should compel Plaintiff United States of America to produce documents that, because the United States produced the documents during M. Hopkins' federal criminal tax case, the United States contends are in M. Hopkins' possession; and (iii) whether the Court should allow M. Hopkins to appear at the hearing telephonically, because he is incarcerated at the Federal Correctional Institution ("FCI") - La Tuna, in Anthony, Texas. The Court will grant in part and deny in part M. Hopkins' Motion to Extend

Time.  Because M. Hopkins has shown diligence in complying with the discovery deadline, and because he is in federal custody and proceeding *pro se*, the Court finds good cause to amend the scheduling order, and to grant a forty-five-day extension of the deadline to terminate discovery.  For the reasons stated on the record at the hearing, and the reasons stated herein, the Court will deny without prejudice to M. Hopkins refiling, if necessary, his Motion to Compel Discovery and Motion to Expand Time, because the United States has agreed to produce all of the information that M. Hopkins requests.  The Court will also grant M. Hopkins' Motion to Appear at Motion Hearing Telephonically, because no parties oppose the Court's granting the motion.

## FACTUAL BACKGROUND

The United States commenced this lawsuit against M. Hopkins, Defendant Sharon Hopkins, and their other co-Defendants pursuant to 26 U.S.C. §§ 7401, 7402, and 7403, to reduce to judgment the outstanding tax assessments against M. Hopkins and S. Hopkins, "and to recover the unpaid federal taxes, penalties and interest assessed against them by foreclosure of federal tax liens encumbering their interest in certain real property located in Eddy County, New Mexico."  United States' Complaint ¶ 1, at 1, filed May 13, 2011 (Doc. 1)("Complaint").  M. Hopkins and S. Hopkins, longtime tax defiers and non-filers, were convicted at a trial by jury in the United States District Court for the District of New Mexico for tax evasion under 26 U.S.C. § 7201 on September 29, 2010.  See Complaint ¶ 1, at 1.  The United States seeks to foreclose upon real properties in Eddy County.  See Complaint ¶ 2, at 1.  The United States asserts that M. Hopkins and S. Hopkins, because they have not filed taxes since 1995, are liable for taxes that they owe to the United States.  See Complaint ¶¶ 13, 16, at 3-5.  M. Hopkins and S. Hopkins are both proceeding *pro se*, and M. Hopkins is in federal prison at the FCI La Tuna, in Anthony, Texas, and S. Hopkins is in federal prison at the FCI Phoenix, in Phoenix, Arizona.

## PROCEDURAL HISTORY

On January 13, 2012, the Court entered a Scheduling Order, providing that discovery will terminate on June 15, 2012. See Clerk's Minutes at 2, filed Jan. 13, 2012 (Doc. 42). On May 29, 2012, M. Hopkins filed his Motion to Extend Time. He states that he sent the United States interrogatories and requests for production "for documents and employee information" that he believes are in the United States' possession. Motion to Extend Time ¶ 6, at 2-3. He asserts that the United States answered the discovery requests on April 19, 2012, by advising him that he can obtain the requested information from the United States Attorney assigned to this federal civil case. See Motion to Extend Time ¶ 5, at 3. M. Hopkins states that he sent, by certified mail, "a letter to the U.S. Attorney . . . addressing the objections raised by the Plaintiff and once again requested the information be provided." Motion to Extend Time ¶ 6, at 3-4. He contends that the United States has not yet replied to his "request regarding an Extension of Time nor has provided discovery that has been requested and is urgently needed." Motion to Extend Time ¶ 7, at 4. M. Hopkins requests that the Court grant a ninety-day extension beyond the June 15, 2012, date for the termination of discovery "so as to receive the United States' response and allow for interrogatories and depositions of the witnesses yet to be determined once the Plaintiff has complied with discovery." Motion to Extend Time at 5.

On June 5, 2012, M. Hopkins filed his Motion to Compel. M. Hopkins asks for the same ninety-day extension of the discovery deadline as relief, but also asks the Court to compel the United States to produce the information that he requested on February 13, 2012, and that he discussed in his Motion to Extend Time. See Motion to Compel at 7. As an alternative to granting such relief, M. Hopkins asks that the Court strike the United States' April 19, 2012 response to his discovery request. See Motion to Compel at 7, 1-3. M. Hopkins, in his Motion to Compel, reproduces the

United States' four objections to his requests for production and its objection to his Interrogatory No. 6.  See Motion to Compel at 1-3.  The United States objects to M. Hopkins' first request for production on grounds that the documents he requests were either admitted into evidence in the earlier criminal proceeding against him and the Hopkins' thus already have access to them, or, alternatively, M. Hopkins can inspect the document at the United States' Attorneys office in Albuquerque, New Mexico.  See Motion to Compel at 2-3.  M. Hopkins responds that he does not have possession of the documents, and, because he is an inmate in a federal prison, he cannot travel to inspect  the documents, receive them through his appellate attorney, or receive a compact disc containing electronic copies of the documents.  See Motion to Compel ¶ 1, at 3.  In response to the United States' objection to M. Hopkins' second request for production -- that M. Hopkins' attorney for his criminal tax case has the information -- M. Hopkins asserts that he cannot obtain the documents from his previous attorney, Larry Becraft, as he anticipates filing an ineffective assistance of counsel action against his previous attorney and Mr. Becraft will therefore not cooperate.  See Motion to Compel ¶ 2, at 3.  To the United States' third objection -- that it did not produce the documents to S. Hopkins because she did not request them from the United States -- M. Hopkins asserts that he thought his request that the documents be disclosed to both Hopkins was implicit in their both being named Defendants in this civil case. See Motion to Compel ¶ 3, at 4. The United States' fourth objection is to any "requests related to the IRS assessment of taxes as any information or documents related to the IRS assessments are not relevant and are burdensome and not likely to lead to the discovery of relevant information."  Motion to Compel at 2.  M. Hopkins responds that clarification of the Internal Revenue Code ("IRC") statute upon which the IRS relied to determine the Hopkins' tax liability will likely lead to relevant information.  Motion to Compel ¶ 4, at 5.  In response to the United States' objection to Interrogatory No. 6 -- that the interrogatory

incorrectly interprets the definition of income under the IRC -- M. Hopkins contends that "Interrogatory Number Six [] seeks clarification in determination of how the Notice of Deficiency was calculated to which the assessments giving rise to this entire litigation are based."  Motion to Compel ¶ 5, at 5.

On June 7, 2012, the United States filed its United States' Response in Opposition to Hopkins' Motion to Extend Time.  See Doc. 62 ("Response").  The United States contends that M. Hopkins is not entitled to a ninety-day extension, because the "United States has met its obligations under Fed. R. Civ. P. 34 by its Response and by previously providing the responsive documents to [M.] Hopkins prior to this civil case."  Response at 1.  The United States asserts that M. Hopkins failed to properly address his discovery requests the first time he attempted to send them to the United States, and the United States thus did not receive service until March 14, 2012. See Response ¶ 4, at 1-2.  The United States points out that M. Hopkins "omits telling the Court that during his criminal tax evasion trial, Hopkins and his attorneys had copies of each of the documents responsive to his current request for production . . . ."  Response ¶ 4, at 2.  The United States requests that the Court deny M. Hopkins' request for a ninety-day extension in his Motion to Extend Time.  See Response at 3.

On July 19, 2012, M. Hopkins filed his Motion to Appear at Motion Hearing by Telephonic Conference, requesting the Court to allow him to appear for the July 24, 2012, hearing by telephone, because he is incarcerated at "Federal Prison Camp La Tuna . . . [and] is not allowed a furlough to travel to the hearing."  Motion to Appear at Motion Hearing by Telephonic Conference at 2.

The Court held a hearing on M. Hopkins' Motion to Extend Time, Motion to Compel, and Motion to Appear at Motion Hearing by Telephonic Conference on July 24, 2012.  See Clerk's Minutes at 1, filed July 24, 2012 (Doc. 90).  The Court asked M. Hopkins what additional

information he needed for which he was requesting the Court to extend the discovery termination deadline. See Clerk's Minutes at 2. Hopkins responded that he needs the addresses and telephone numbers of the Internal Revenue Service ("IRS") employees that are listed in United States' Initial Disclosures, the Certificate of Service for which was filed January 13, 2012 (Doc. 39), so that he may contact them in preparation to respond to the United States' summary judgment motion. See Clerk's Minutes at 2. In response to the Court's inquiry whether the United States opposed providing M. Hopkins with the IRS employees' information, the United States responded that it does not oppose the request and will provide the information to Hopkins. See Clerk's Minutes at 2. M. Hopkins asserted that he would then need the additional ninety-day window to serve discovery on the IRS employees and other individuals identified in any of the documents, and to depose those same individuals. See Clerk's Minutes at 2. The United States strongly opposed the ninety-day extension, but recommended that the Court grant Hopkins a ten-day extension to file a response to the United States' summary judgment motion. See Clerk's Minutes at 2. The Court asked the United States, assuming M. Hopkins' response brief would be submitted at the termination of discovery, what is the greatest extension of time to which the United States would consent. See Clerk's Minutes at 2. The United States responded that, at most, it would agree to a thirty-day extension. See Clerk's Minutes at 2. Defendant Bayview Loan Servicing, LLC, agreed with the United States' position as to the extension. See Clerk's Minutes at 2. M. Hopkins argued that a thirty-day extension imposed a hardship on him, because his being in a federal prison left him without immediate use of office resources. See Clerk's Minutes at 2. M. Hopkins then requested the United States provide him with contact information for one additional agent, Baldamar Gomez, out of the IRS' Las Cruces, New Mexico, office. See Clerk's Minutes at 2-3. The United States agreed to supply him with Gomez' information provided that it could find it. See Clerk's Minutes

-6-

at 3.  The Court then granted a forty-five-day extension for the termination of discovery, cautioning

M. Hopkins that, because the Court is granting a longer period than that to which either the United

States or Bayview Loan Servicing consents, M. Hopkins should use the time provided wisely and

judiciously.  See Clerk's Minutes at 3.  The Court stated that ninety extra days is too long, given that

the deadline for discovery has already passed on June 15, 2012.  The Court, however, was lenient,

because M. Hopkins is in prison and appearing *pro se*, and it is difficult to do discovery from a

federal prison.  The Court reasoned that forty-five days allows him to get any remaining discovery

that he wants and a couple of additional weeks for depositions.  The Court asked both counsel

whether there was anything else to be said either on the Motion to Extend Time or on the Motion

to Compel, to which all counsel, and M. Hopkins, responded that there was not.  See Clerk's

Minutes at 3.  The Court stated that, because the United States has agreed to produce all of the

documents that M. Hopkins requested in his requests for production and answer his interrogatories,

the Court will deny without prejudice his Motion to Compel, and will allow him to re-file the motion

if and when the United States does not follow through on its production.  See Clerk's Minutes at 3.

The Court then moved on to M. Hopkins' Motion to Appear at Motion Hearing by Telephonic

Conference, asking if any party opposed M. Hopkins' request to appear telephonically.  See Clerk's

Minutes at 3.  No parties opposed the motion, and the Court therefore granted the Motion.  See

Clerk's Minutes at 3.

## LAW REGARDING MODIFICATION OF SCHEDULING ORDERS

"The District Court has wide discretion in its regulation of pretrial matters."  Si-Flo, Inc. v.

SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir. 1990).  Scheduling orders, however, "may be modified

only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Accord Street v. Curry

Bd. of Cnty. Comm'rs, No. CIV 06-0776 JB/KBM, 2008 WL 2397671, at *6 (D.N.M. Jan. 30,

2008)(Browning, J.).  The advisory committee notes to rule 16 observe:

> [T]he court may modify the schedule on a showing of good cause if it cannot
> reasonably be met despite the diligence of the party seeking the extension.  Since the
> scheduling order is entered early in the litigation, this standard seems more
> appropriate than a "manifest injustice" or "substantial hardship" test.  Otherwise, a
> fear that extensions will not be granted may encourage counsel to request the longest
> possible periods for completing pleading, joinder, and discovery.

Fed.R.Civ.P. 16(b)(4) advisory committee's note to 1983 amendment.

The United States Court of Appeals for the Tenth Circuit has held that the concepts of good
cause, excusable neglect, and diligence are related.   "The Tenth Circuit . . . has recognized the
interrelation between 'excusable neglect' and 'good cause.'"  Pulsecard, Inc. v. Discover Card Servs.
Inc., 168 F.R.D. 295, 301 (D.Kan. 1996)(citing In re Kirkland, 86 F.3d 172, 175 (10th Cir. 1996)).
"Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's
diligent efforts."  Street v. Curry Bd. of Cnty. Comm'rs, 2008 WL 2397671, at *6.  See Advanced
Optics Electronics, Inc. v. Robins, 769 F. Supp. 2d 1285, 1313 (D.N.M. 2010)(Browning, J.)(noting
that the "rule 16(b) good-cause inquiry focuses on the diligence of the party seeking [to] amend the
scheduling order.").  In In re Kirkland, the Tenth Circuit dealt with the definition of "good cause"
in the context of rule 4(j) and noted:

> [W]ithout attempting a rigid or all-encompassing definition of 'good cause,' it would
> appear to require at least as much as would be required to show excusable neglect,
> as to which simple inadvertence or mistake of counsel or ignorance of the rules
> usually does not suffice, and some showing of 'good faith on the part of the party
> seeking the enlargement and some reasonable basis for noncompliance within the
> time specified' is normally required.

86 F.3d at 175 (emphasis in original)(quoting Putnam v. Morris, 833 F.2d 903, 905 (10th Cir.
1987))(internal quotation marks omitted).  The Tenth Circuit explained that Putnam v. Morris "thus
recognized that the two standards, although interrelated, are not identical and that 'good cause'
requires a greater showing than 'excusable neglect.'"  In re Kirkland, 86 F.3d at 175.

-8-

Where a party is diligent in its discovery efforts and nevertheless cannot comply with the scheduling order, the Court has found good cause to modify the scheduling order if the requesting party timely brings forward its request.  In <u>Advanced Optics Electronics, Inc. v. Robins</u>, the Court found that, where the defendant did not conduct discovery or make any good faith discovery requests, and where the defendant did not make efforts "diligent or otherwise" to conduct discovery, the defendant did not, therefore, show good cause to modify the scheduling order.  769 F.Supp.2d at 1313 n. 8.  In <u>Street v. Curry Bd. Of Cnty. Comm'rs</u>, however, the Court found that the plaintiff had "shown good cause for a delay in seeking leave to amend," because she "was diligent in pursuing discovery . . . [and] brought to the Court's attention her identification of an additional claim in a timely manner," where she discovered the claim through "documents provided in discovery."  2008 WL 2397671, at *11.  In <u>Montoya v. Sheldon</u>, No. CIV 10-0360 JB/WDS, 2012 WL 5353493 (D.N.M. Oct. 7, 2012)(Browning, J.), the Court did not find good cause to modify the scheduling order and reopen discovery, and refused to grant the plaintiffs' request do so, where the plaintiffs' excuse for not disclosing their expert before the close of discovery was that they thought that the case would settle and they would thus not require expert testimony.  <u>See</u> 2012 WL 5353493, at *14.  The Court noted:

> The [plaintiffs] filed this case on April 15, 2010. Because [Plaintiff] D. Montoya had seen the physician before that date, the fact that the [plaintiffs] are only now bringing the physician forward as a newly identified expert witness, over two years later, and over one and a half years after the deadline to disclose expert witnesses, does not evidence circumstances in which the Court can find excusable neglect nor good cause.

2012 WL 5353493, at *14.

## <u>ANALYSIS</u>

The Court will grant M. Hopkins' request in his Motion to Extend Time to extend the

discovery deadline, but will extend the deadline only forty-five days, rather than the ninety days for which he asks.  Because the United States represents that it will produce the documents that M. Hopkins requests, and because the Court will grant M. Hopkins a forty-five-day extension of the discovery closing deadline,  the Court will deny without prejudice M. Hopkins' Motion to Compel. The Court will grant M. Hopkins' Motion to Appear at Motion Hearing by Telephonic Conference, because M. Hopkins is in federal and because his Motion is unopposed.

M. Hopkins' request to extend the June 15, 2012, deadline for the termination of discovery stems from his assertion that he has not yet received information responsive to his February 13, 2012, interrogatories and requests for production, which, because of an error in addressing the discovery, the United States did not receive until March 14, 2012.   "The District Court has wide discretion in its regulation of pretrial matters."  Si-Flo, Inc. v. SFHC, Inc., 917 F.2d at 1514. Scheduling orders, however, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."  Street v. Curry Bd. of Cnty. Comm'rs, 2008 WL 2397671, at *6.  Accord Advanced Optics Electronics, Inc. v. Robins, 769 F. Supp. 2d at 1313 (noting that the "rule 16(b) good-cause inquiry focuses on the diligence of the party seeking [to] amend the scheduling order.").

The United States asserts that M. Hopkins does not need more time and that the Court should deny his request, because the United States previously provided the information to M. Hopkins' attorney in his criminal trial for tax evasion.  The United States points to M. Hopkins' admission in his Letter in reply to United States' Response to Hopkins' Discovery at 1-2 (dated May 14, 2012), filed May 29, 2012 (Doc. 60, at 20-21), that his attorney has possession of all discovery related to the criminal trial.  See Response at 2 ("The discovery for the trial was provided to my attorney Mr.

-10-

Larry Becraft in the form of a CD; all 6,500 pages."). That the documents requested were records in a party's prior case, or that information requested in a discovery request are equally available to the propounding party is no excuse. The Court has previously noted: "As a general matter, parties cannot avoid their discovery obligations by stating that the discovery sought can be obtained from some other source." S2 Automation LLC v. Micron Tech., Inc., No. CIV 11-0884 JB/WDS, 2012 WL 3656454, at *37 (D.N.M. Aug. 9, 2012)(Browning, J.)(quoting Jackson v. W. Va. Univ. Hosp., Inc., No. 1:10cv107, 2011 WL 1831591, at *2 (N.D. W. Va. May 12, 2011))(internal quotations and alterations omitted). The Court recognized that "courts have unambiguously stated that this exact objection [-- that the records are equally available to the propounding party--] is insufficient to resist a discovery request." S2 Automation LLC v. Micron Tech., Inc., 2012 WL 3656454, at *37 (quoting St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000)). Moreover, in the following sentence of M. Hopkins' Letter in reply to United States' Response to Hopkins' Discovery, M. Hopkins states that Mr. Becraft is not representing him in this federal civil case. Although presumably M. Hopkins could obtain from Mr. Becraft the information that he requests from the United States, and presumably Mr. Becraft owes duties to his former client to provide him with the documents, Mr. Becraft has not provided the information. It also appears that M. Hopkins is requesting additional information, including the contact information for Gomez out of the IRS' Las Cruces office.

The Court notes that, while the inquiry for good cause to reopen the scheduling order requires a showing of due diligence, including that the discovery deadlines could not be complied with despite a party's best efforts, M. Hopkins is proceeding *pro se*, from federal prison, and his abilities are thus necessarily constrained notwithstanding his diligence. Here, M. Hopkins timely sought the information from the United States, and the United States probably should have produced

it rather than object to the request.  M. Hopkins may have been able to obtain the information from

another source, but he sought the information in a timely manner from a source that had the

information and had the ability to give it to him.  Ordinarily, and understandably, an attorney's

failures are imputed to the party, and courts find a party's due diligence lacking when the attorney

fails to exercise due diligence.  See In re Kirkland, 86 F.3d at 175 (noting that "simple inadvertence

or mistake of counsel or ignorance of the rules usually does not suffice" for good cause).  Mr.

Becraft is not, however, an attorney in the case, so he is more of a third-party source of information,

not M. Hopkins' attorney.  M. Hopkins is without an attorney in this civil case.  As the Tenth Circuit

has noted, it is true that "*pro se* status does not excuse the obligation of any litigant to comply with

the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San

Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994)(citing Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir.

1994)).  While the Tenth Circuit has directed that "we do not believe it is the proper function of a

district court to assume the role of advocate for the pro se litigant," Hall v. Bellmon, 935 F.2d 1106,

1110 (10th Cir. 1991), determination of  compliance with the rules may take into account a party's

*pro se* status, see e.g., Hall v. Bellmon, 935 F.2d at 110 ("[I]f the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the

plaintiff's failure to cite proper legal authority, [] confusion of various legal theories, [] poor syntax

and sentence construction, or [the plaintiff's] unfamiliarity with pleading requirements.").  Thus,

what constitutes due diligence required for the Court to find good cause to amend the scheduling

order must take into consideration the requesting party's circumstances, including the party's

abilities and constraints imposed upon the party.  Here, M. Hopkins did his research, propounded

discovery requests on the United States, and the United Sates played tough.  The Court finds that

M. Hopkins has shown good cause for a short extension of time to receive and review the documents

that he timely requested, and to take some depositions.

Although the Court may not ordinarily find that counsel who failed to obtain records from a client's previous attorney whom the client knew possessed the records acted with due diligence in not obtaining the records, the same standard should not necessarily be applied to M. Hopkins proceeding *pro se*. If M. Hopkins thought that, because Mr. Becraft is not representing him in this civil matter, Mr. Becraft could not or should not provide M. Hopkins with the discovery from his criminal trial, the Court does not believe it proper to penalize M. Hopkins, proceeding *pro se*, by refusing to grant him a chance to obtain the information he requests. Cf. Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990)("[W]e have extended to pro se plaintiffs an opportunity to remedy defects potentially attributable to their ignorance of federal law and motion practice both in a summary judgment and in a Fed.R.Civ.P. 12(b)(6) context."). With the limited resources available to him in federal prison, that he sent the discovery request to the United States at the proper address two days after receiving notice that it was returned the first time is evidence that M. Hopkins has been diligent in attempting to obtain the discovery he requests. The United States, moreover, at the hearing on M. Hopkins' Motions, did not contend that it responded to M. Hopkins' request by pointing out that he should obtain the information he requested from Mr. Becraft, but only pointed to M. Hopkins' admission that his attorney had all of the discovery from the trial that he was requesting. Had the United States been more specific, and had M. Hopkins then refused to attempt to obtain the information from Mr. Becraft, the Court might find that such a refusal precludes finding that M. Hopkins was diligent in complying with the discovery deadline. Such is not the case here, however. Because M. Hopkins is proceeding *pro se* and is doing so from within federal custody, the Court finds good cause to amend the scheduling order and to grant M. Hopkins' request to extend the discovery deadline.

The United States has agreed to provide M. Hopkins with the information that he requested in his interrogatories and requests for production immediately.  If it had agreed to provide all the requested information in the first place, rather than object that M. Hopkins had access to the information through another case, all of the delay could probably have been avoided.  A ninety-day delay in the close of discovery, in light of the United States having already produced all of the information M. Hopkins requested to him in the earlier federal criminal tax case against him, and having agreed to produce the information in this civil case, however, is excessive.  M. Hopkins will have the information he requested shortly, and although he asserts that he needs the information to file a response to the United States' summary judgment motion, because this federal civil case revolves around the United States' attempt to collect on M. Hopkins' tax liability, for which he has already been found liable, and because the United States' summary judgment motion was filed eight days before the July 24, 2012, hearing on the Motions, the Court believes that a forty-five-day delay in the termination of discovery, to September 7, 2012, is sufficient and supported by good cause. This extension will give him a little over month to review the discovery and request anything more that he might discover he needs.  It will also afford him some additional time to take the necessary depositions.  The Court will thus grant in part the request in M. Hopkins' Motion to Extend Time and will amend the scheduling order to reflect a forty-five-day delay in the close of discovery, imposing September 7, 2012, as the day discovery will close.

**IT IS ORDERED** that: (i) Defendant Mark Hopkins' Motion to Extend Time, filed May 29, 2012 (Doc. 60), is granted in part and denied in part; (ii) M. Hopkins' Motion to Compel Discovery and Motion to Expand Time, filed June 5, 2012 (Doc. 61), is denied without prejudice to his renewing it if Plaintiff United States of America does not supply him with the information it has agreed to provide; and (iii) M. Hopkins' Motion to Appear at Hearing Motion by Telephonic

-14-

Conference, filed July 19, 2012 (Doc. 87), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Manuel Paul Lena
Herbert W. Linder
United States Department of Justice
Dallas, Texas

      *Attorneys for the Plaintiff*

Mark Hopkins
Federal Correctional Institute La Tuna
Anthony, Texas

      *Defendant pro se*

Sharon Hopkins
Federal Correctional Institute Phoenix
Phoenix, Arizona

      *Defendant pro se*

Beth L. Hightowner
Sanders, Bruin, Coll & Worley, P.A.
Roswell, New Mexico

      *Attorneys for Defendant Advanced Electronics*

Lewis J. Terr
New Mexico Taxation and Revenue Department
Santa Fe, New Mexico

      *Attorney for Defendant State of New Mexico Revenue Department*

Elizabeth Mason
Albuquerque, New Mexico

*-- and --*

Michael B. Neill

Modrall Sperling Roehl Harris & Sisk PA
Albuquerque, New Mexico

*Attorneys for Defendant Bayview Loan Servicing, LLC*