IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.                                                                                    **No. 11-cv-0416 JB/SMV**

MARK HOPKINS, et al.,

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the undersigned on Defendant Mark Hopkins' Motion to Sanction Plaintiff and Assistant U.S. Attorney Manuel Lena, Jr. [Doc. 98] ("Motion" or "Motion for Sanctions"), filed on August 16, 2012.[1]  Plaintiff responded on August 29, 2012.  United States' Response Opposing Hopkins' Motion for Sanctions [Doc. 104] ("Response").  Mr. Hopkins did not reply.  I heard oral argument on the Motion at a hearing on December 10, 2012.  Clerk's Minutes [Doc. 138].  Defendant seeks sanctions for what he describes as "a consistent pattern of delay and obstruction."  Motion [Doc. 98] at 5.  I disagree.  Neither Plaintiff nor its attorney has engaged in any conduct warranting the imposition of sanctions.  Therefore, I will recommend that the Motion be denied to that extent.

---

[1] To the extent that Mr. Hopkins attempts to file the Motion on behalf of Mrs. Hopkins, *see* Motion [Doc. 98] at 6–7 (referring to Defendant**s**, in the plural), Mr. Hopkins is reminded that he may not file papers on behalf of Mrs. Hopkins because he is not her attorney. *See Fymbo v. State Farm Cas. & Fire Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see* 28 U.S.C. § 1654.  Therefore, I have considered the Motion as filed on behalf of Mr. Hopkins alone.  Additionally, because I consider the Motion on Mr. Hopkins' behalf only, I will refer to Mr. Hopkins herein as "Defendant," even though Mrs. Hopkins is also a Defendant.

However, Plaintiff was ordered to serve initial disclosures,[2] and its disclosures were incomplete.   While Plaintiff listed the names of individuals known to have discoverable information, it did not list each individual's address and telephone number.  *See* Fed. R. Civ. P. 26(a)(1)(A)(i).  Defendant attempted in good faith to obtain the missing information, thereby incurring $5.75 in reasonable expenses (the cost of a certified letter).  Plaintiff refused to provide the information.  Defendant then filed a motion to compel Plaintiff to provide, *inter alia*, the missing contact information.  At a hearing on July 24, 2012, the Honorable James O. Browning, United States District Judge, denied the motion because the government agreed to provide everything Mr. Hopkins had requested, including the agents' contact information, within one week of the hearing.  Memorandum Opinion and Order [Doc. 142] ("MOO") at 7 ("[B]ecause the United States has agreed to produce all of the documents that M. Hopkins requested[,] the Court will deny without prejudice his Motion to Compel, and will allow him to re-file the motion if and when the United States does not follow through on its production.").  Having read the parties' briefs, and having heard oral argument on Plaintiff's Motion, I find that Plaintiff's withholding of the contact information was not substantially justified.  I therefore recommend that Defendant be awarded $5.75 in expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A).

## I.    Background

Defendant was convicted of tax evasion on September 29, 2010.[3]   The United States brought this action to reduce to judgment the outstanding tax assessments against Defendant and his wife, and to recover the unpaid federal taxes, penalties, and interest assessed against them.

---

[2] Even though this case could have been excluded from pre-trial case management procedures, like initial disclosures, under D.N.M.LR-Civ. 16.3(f), Judge Browning expressly ordered the parties to produce initial disclosures.  [Doc. 42] at 2.  The local rule's exclusion is optional, and Judge Browning's order controls.  *See* D.N.M.LR-Civ. 16.3 (exclusion applies "unless . . . the assigned Judge determines" otherwise).

[3] *See United States v. Mark Hopkins and Sharon Hopkins*, Case No. 09-cr-00863 MCA (D.N.M.).

*See* United States' Complaint [Doc. 1].  Defendant is currently incarcerated and proceeding pro

se.  Judge Browning ordered the parties to provide their initial disclosures by January 23, 2012.

Clerk's Minutes [Doc. 42] at 2.  The Government provided its initial disclosures on January 13,

2012.  [Doc. 108] at 1.  The initial disclosures included the names of persons likely to have

discoverable information but did not include their addresses or phone numbers.  [Doc. 108] at 1.

In interrogatories postmarked March 12, 2012, [Doc. 62] at 2, Mr. Hopkins requested,

among other things, a list of the names of the IRS agents who had authored certain Notices of

Deficiencies for the tax years at issue, as well as their contact information.  [Doc. 60] at 14;

[Doc. 108] at 2.  The government responded to the interrogatories on April 19, 2012.  [Doc. 99]

at 2.  However, the government did not identify the agents nor provide their contact information.

Instead, relying upon Fed. R. Civ. P. 33(d), the government simply referred to certain documents

that had been admitted as exhibits in Defendant's criminal trial.[4]  [Doc. 60] at 14.

---

[4] Rule 33(d) provides:

> (d) Option to Produce Business Records. If the answer to an interrogatory may
> be determined by examining, auditing, compiling, abstracting, or summarizing a
> party's business records (including electronically stored information), and if the
> burden of deriving or ascertaining the answer will be substantially the same for
> either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable
> the interrogating party to locate and identify them as readily as the responding
> party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit
> the records and to make copies, compilations, abstracts, or summaries.

It is unclear from the record before me whether the information requested—specifically the names, addresses, and phone numbers of the authors of the Notices of Deficiency—was actually contained in the documents to which the government referred.  However, and to the government's credit, its responses did refer to the documents specifically by Bates number, rather than simply saying, "See the exhibits introduced at your criminal trial."  The references to specific, Bates-numbered documents suggest to me that the information was, in fact, contained in the documents referred to.

On May 14, 2012, Mr. Hopkins wrote a 32-page letter to counsel for the United States, asking, *inter alia*, for hard copies of the exhibits and for the IRS agents' contact information. [Doc. 99] at 3. With respect to his request for hard copies, Defendant stated:

> I would ask you to send me a CD with the discovery, but due to BOP/DOJ policy toward inmates, I am not allowed to receive CDs due to security reasons. Even if I could receive one, there are no computers nor printers to access and copy the material, and the [prison's] policy is not to assist an inmate in any civil proceeding. [I therefore] request that the Plaintiff produce all requested documents in the form of hard copies . . .

Motion to Extend Time [Doc. 60] at 22.

On May 24, 2012, Mr. Hopkins moved for an extension of 90 days from the discovery deadline of June 15, 2012, in order to "allow for interrogatories and depositions of the witnesses yet to be determined once the Plaintiff has complied with the discovery." [Doc. 99] at 3. By June 4, 2012, Mr. Hopkins had heard nothing from the government. *Id.* Accordingly, on June 5, 2012, he filed a motion to compel the government to respond to his discovery and to extend the discovery deadline. [Doc. 99] at 3–4. On June 7, 2012, before a hearing was set on the motion to compel, the government provided Defendant with hard copies of all documents identified in its response to Defendant's discovery requests. Response [Doc. 62] at 1.

Judge Browning held a hearing on the motions to compel and to extend discovery on July 24, 2012. [Doc. 90] at 1. At the hearing, the United States agreed to provide the agents' addresses and phone numbers to Defendant by close of business on July 31, 2012. [Doc. 90] at 2. Thus, Judge Browning denied the motion to compel without prejudice to refile if the government did not provide the contact information as agreed. MOO [Doc. 142] at 7. He also extended discovery by an additional 45 days, which moved the discovery deadline to

September 7, 2012.  Minute Order [Doc. 100].  Judge Browning cautioned Defendant to use the additional time "judiciously."  [Doc. 90] at 3.  On July 31, 2012, the United States timely provided the agents' contact information.  [Doc. 108] at 2.  However, as of December 10, 2012, the date of the hearing on the present Motion, Mr. Hopkins had not contacted counsel for Plaintiff regarding the scheduling of any deposition.  Clerk's Minutes [Doc. 138] at 3.

## II.    Analysis

### A.  I will not recommend sanctions for alleged "discovery abuses."

Defendant moves the Court to impose sanctions against the United States and its attorney for what Mr. Hopkins characterizes as "a pattern of discovery abuses."  Motion [Doc. 98] at 2. Specifically, Mr. Hopkins asserts that the government withheld the list of "IRS person[n]el contact information . . . . until the very last possible moment."  *Id.* at 4.  Thus, he asserts that he was not able to complete discovery before the deadline.  *See id.* at 1–6.  He argues that if he had received the information "in a timely manner, depositions and interrogatories would have already been completed."  *Id.* at 5.    Defendant cites no particular authority to support his motion. However, the rules and the Court's inherent power allow for sanctions in various situations.

For example, Rule 11 provides for sanctions for attorneys or unrepresented parties who advocate positions that are not warranted by law, that have no evidentiary support, or that are actually being used to harass, delay, or needlessly increase costs.  Parties or their attorneys who fail to appear for any pretrial conference or to obey any pretrial order may be sanctioned under Rule 16(f).   Rule 37 governs the use of sanctions against parties for discovery abuses. Rule 37(b) pertains to the refusal of a party to comply with court orders.  Rule 37(c) provides optional, non-monetary sanctions for parties who fail to disclose, to supplement an earlier

response, or to admit.  Additionally, courts have an inherent power to sanction attorneys and parties. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991). It is through these tools that courts may preserve the dignity of the legal process.  Certainly, this is not an exhaustive list, and the power to sanction may be found elsewhere.  *See, e.g.,* Fed. R. Civ. P. 26; 28 U.S.C. § 1927.

Even if everything that Defendant asserts were true, none of the aforementioned sanctions rules would apply.  I find that neither the Plaintiff nor its attorney has engaged in abusive discovery techniques. A party's obligations are described in the Rules of Civil Procedure.  If a party is allowed 30 days in which to respond to discovery, and he complies on the 30th day, he has met his obligations under the Rules.  Plaintiff has not advocated any positions without basis in law or fact, and Defendant does not argue otherwise.  Thus, Rule 11 is not applicable here.  Although Defendant alleges that Plaintiff has impermissibly delayed production as a trial strategy, I disagree.  Plaintiff probably should have provided the contact information in its initial disclosures or in response to Defendant's discovery requests, but such delay does not rise to the level of Rule 11.  Rule 16(f) does not apply here either because there is no allegation that the government failed to appear at a hearing.  Similarly, Rule 37(b) is irrelevant because Defendant does not suggest that the government disobeyed any Court order. Rule 37(c) could be invoked, but as explained below, I believe Rule 37(a) is more appropriate.  I see no evidence of bad faith or dilatory tactics in Plaintiff's initial disclosures or responses to discovery.  Therefore I recommend that Plaintiff's Motion for Sanctions be denied to the extent it seeks the imposition of sanctions for discovery abuses.

**B.  I will recommend an award of reasonable expenses pursuant to Rule 37(a)(5)(A).**

"Discovery plays an important role in our adversarial system:  full development of the facts surrounding a matter furthers 'the purpose discovery is intended to serve—advancing the quest for truth.'"  *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, Nos. 02-1146 and 03-1185, 2007 WL 1306560, at *2 (D.N.M. Mar. 12, 2007) (Browning, J.) (unpublished) (quoting *Taylor v. Illinois*, 484 U.S. 400, 430 (1988)).  Discovery begins with initial disclosures.  *See* Fed. R. Civ. P. 26.  "A major purpose" of initial disclosures "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information."  Fed. R. Civ. P. 26 advisory committee's note to 1993 amendments.  Thus, it makes sense that the Federal Rules would penalize parties for failing to make their initial disclosures and necessitating formal requests and perhaps even court intervention.

To that end, Federal Rule of Civil Procedure 37 prescribes sanctions for parties who fail to comply with discovery until after a motion to compel is filed against them.  With some exceptions, when a party is compelled to provide discovery, or provides the discovery only after a motion to compel has been filed against it, Rule 37(a)(5) requires the court to order the responding party to pay the movant's reasonable expenses incurred in filing the motion:

> (5) *Payment of Expenses; Protective Orders.*
> (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).*  If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

The circumstances of this case fall squarely under Rule 37(a)(5).  The United States was ordered to produce initial disclosures to Mr. Hopkins.  It is undisputed that the government did not provide contact information for the individuals listed in the disclosures.  Mr. Hopkins subsequently requested that information, first by way of interrogatories and then by letter. The government still did not provide the information.  Only after Mr. Hopkins filed a motion to compel, when the parties were before Judge Browning at a hearing on the motion, did the government agree to produce the information.  Because the contact information was provided after the motion to compel was filed, and as a direct result of the motion to compel, Rule 37 mandates an award of reasonable expenses unless I find that the United States' non-disclosure was substantially justified.  *See* Fed. R. Civ. P. 37(a)(5)(ii).

I find that the government's failure to provide the contact information for individuals known to have discoverable information—either in its initial disclosures or in response to Mr. Hopkins' discovery request—was not substantially justified.[5]  Certainly, the government had

---

[5] The government argues that its failure to disclose the contact information was justified because the only proper method of contacting the individual IRS agents listed in the initial disclosures is through the U.S. Attorney's office.  To date, however, the government has provided no authority for that proposition.  In pleadings and at the hearing on the Motion, the government repeatedly referred to 26 U.S.C. § 6103, which provides, in pertinent part:

> [N]o officer or employee of the United States, . . . . shall disclose any return or
> return information obtained by him in any manner in connection with his service
> as such an officer or an employee or otherwise or under the provisions of this
> section. For purposes of this subsection, the term "officer or employee" includes
> a former officer or employee.

26 U.S.C. § 6103(a).  I fail to see how § 6103 prohibits an opposing party from contacting an agent directly.  It prohibits the agent from disclosing "any return or return information," but (a) the opposing party may not be seeking to contact the agent to obtain such information, and (b) the statute says nothing about the manner in which an agent is to be contacted, e.g., to schedule a deposition.  But even if it is true that a party wishing to depose an agent must

the information when it served its initial disclosures.  Therefore, the government was obligated to provide such information in its initial disclosures.  *See* Fed. R. Civ. P. 26(a)(1)(A) (requiring the disclosure of addresses and phone numbers, "if known," of individuals likely to have discoverable information).

Even if, as it claims, the United States had provided the witnesses' addresses and phone numbers during the Defendant's criminal case, that would not relieve it of its duty to provide them in this case.  *See Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1244 (10th Cir. 2006) (affirming sanctions under Rule 37(a) where the defendants failed to produce documents responsive to discovery requests on the improper ground that their contents reiterated information contained in other documents and where none of the Rule's exceptions applied). Absent compliance with Rule 33(d)—which requires that the burden of deriving information be substantially the same for either party[6]—an interrogatory may not be answered by directing the propounding party to previously produced materials.  *Williams v. Sprint/United Mgmt., Co.*, 235 F.R.D. 494, 501 (D. Kan. 2006).  Thus, the government's failure to produce the addresses was not justified by its having provided the information in the criminal case.

Similarly, even if Mr. Hopkins already knew or should have known the agents' contact information—which I do not necessarily find—the government was still bound to provide information in its initial disclosures and its answers to Mr. Hopkins' discovery requests.  *See*

---

go through the U.S. Attorney's office, it does not necessarily follow that the government was justified in not providing the agents' contact information in its initial disclosures.  There many reasons why an opposing party might want to know a witness' address and phone number, e.g., to investigate whether the witness is a convicted felon, or whether the witness has testified in similar cases.  It is virtually impossible to conduct such investigation without at least knowing the witness' contact information.

[6] The burden for Mr. Hopkins to review the government's business records to discover that the agents should be contacted through the U.S. Attorney's office is far greater than for the government to simply provide the addresses.  Accordingly, Rule 33(d) is not appropriate with respect to the addresses.

*Weiss v. Chrysler Motor Corp.*, 515, F.2d 449, 456 (2d Cir. 1975) ("It is no objection to interrogatories that the information sought is within the knowledge of the interrogating party."). Mr. Hopkins' alleged knowledge, therefore, does not justify the United States' failure to provide the information.

Because I find that the government's failure to produce the contact information was not substantially justified, Rule 37(a)(5) compels me to recommend an award of reasonable expenses. Although Mr. Hopkins seeks expenses for "time and frustration," neither time nor frustration can be considered an incurred expense. *See Manion v. Am. Airlines, Inc.*, 395 F.3d 428, 433 (D.C. Cir. 2004) (holding that pro se litigants may not recover expenses for their time under Rule 37(a)); *Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1374-75 (Fed. Cir. 2002) (same). However, Defendant incurred $5.75 for mailing a certified letter[7] to Plaintiff's counsel in connection with the disputed discovery, and I find that that is an awardable expense under Rule 37(a)(5). Thus, I recommend that the government be ordered to reimburse Mr. Hopkins' for his reasonable expenses in the amount of $5.75.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendant Mark Hopkins' Motion to Sanction Plaintiff and Assistant U.S. Attorney Manuel Lena, Jr. [Doc. 98] be DENIED to the extent it seeks sanctions for discovery abuses, but GRANTED to the extent it seeks reimbursement of reasonable expenses in the amount of $5.75.

---

[7] *See* [Doc. 60], Exhibit C, at 21–32; Clerk's Minutes [Doc. 138] at 3.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy f these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**