**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                             **No. 11-cv-0416 JB/SMV**

**MARK HOPKINS, et al.,**

      **Defendants.**

<u>**ORDER DENYING MOTION TO RECONSIDER AND**</u>
<u>**ORDER DENYING APPOINTMENT OF COUNSEL**</u>

THIS MATTER is before the undersigned on [Doc. 136] Defendant Mark Hopkins' Motion to Reconsider Order Denying [93] Motion to Appoint Counsel ("Motion to Reconsider"), filed on December 3, 2012.  No other party has filed a response, and none is necessary. Defendant has not shown any change in the controlling law, any new evidence that was previously unavailable, or any clear error that would warrant reconsideration of my prior Order. Additionally, Defendant's case has already been referred to and denied by the pro bono committee.  Therefore, being fully advised in the premises, I FIND that the Motion is not well-taken and should be DENIED.

**I.**       **Background**

Defendant was convicted of tax evasion on September 29, 2010. The United States brought this action to reduce to judgment the outstanding tax assessments against Defendant and his wife, and to recover the unpaid federal taxes, penalties, and interest assessed against them. Defendant is currently incarcerated and proceeding pro se. He first moved for appointment of counsel on July 30, 2012, on the grounds that he needed assistance in taking depositions.  Letter

[Doc. 93] at 2. That motion was denied on November 15, 2012. [Doc. 127]. Defendant now moves the Court to reconsider its denial. [Doc. 136]. However, Defendant offers no new evidence or changed law in support of his Motion to Reconsider. He simply reiterates that his incarceration hampers his ability to defend himself, *id.* at 4, and devotes the bulk of his motion to expounding upon his defenses, *id.* at 5–16.[1]

## II. Standard of Review

The Federal Rules of Civil Procedure do not recognize motions for reconsideration. *Ysais v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010). Instead, a party seeking reconsideration may file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from judgment under Fed. R. Civ. P. 60(b). *Id.* (citing *Van Skiver v. United Stat*es, 952 F.2d 1241, 1243 (10th Cir. 1991)). A motion for reconsideration filed within 28 days of the challenged order "must" be construed under Rule 59(e) and not under Rule 60(b)). *Hinzo v. State of N.M. Dep't of Corrs.*, No. 10-cv-0506 JB/CG, 2012 U.S. Dist. LEXIS 100558, *4–5 n.2 (May 29, 2012) (unpublished) (Browning, J.).

"Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Courts should not grant relief under Rule 59(e) where the movant seeks only to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

---

[1] Defendant seems to be under the misimpression that he may not seek counsel on his own. [Doc. 136] at 4 ("The Court has recognized the Defendants' in pauperus [sic] status[,] which prevents them from retaining this counsel themselves."). To the contrary, Defendant's *in forma pauperis* status does not prevent him from seeking counsel on his own, and the Court encourages him to do so.

Here, Defendant filed his Motion to Reconsider [Doc. 136] within 28 days of the Court's order

[Doc. 127]. Therefore, it is evaluated under Rule 59(e) rather than Rule 60(b).

### III.      Analysis

I will deny Defendant's Motion to Reconsider for two reasons.  First, he has offered no

new evidence or change in the law to support the Motion.  Rather, he repeats and expands upon

his original arguments.  As explained in my November 15, 2012 Order, there is no right to

counsel in a civil case.  *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006); *United States*

*v. Gosnell*, 961 F.2d 1518, 1521 (10th Cir. 1992) (no right to counsel in civil taxpayer case

similar to the one at bar).[2]  Moreover, United States District Courts lack the authority to appoint

counsel to represent indigent prisoners in most civil cases.  *See Mallard v. United States Dist.*

*Court*, 490 U.S. 296, 309 (1989).  In certain exceptional circumstances, the court may request the

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  But the most the court can

do is request voluntary assistance from the pro bono committee.  In deciding whether to make

such a request, courts should consider "the merits of the litigant's claims, the nature of the

factual issues raised in the claims, the litigant's ability to present his claims, and the complexity

of the legal issues raised by the claims."  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.

1995) (internal quotation marks omitted).  Ultimately, the burden is on the prisoner "to convince

the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance]

of counsel."  *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal

---

[2] In my order denying Defendant's original motion for appointment of counsel, I cited *United States v. Gosnell*, 961 F.2d 1518, 1521 (10th Cir. 1992), with a parenthetical that read, "no right to counsel in civil taxpayer case similar to the one at bar."  [Doc. 127] at 1.  In his Motion to Reconsider, Defendant takes issue with the parenthetical in that it compares *Gosnell* to his case. [Doc. 136] at 16–18.  He argues that his case is distinguishable from *Gosnell* but does not challenge the proposition for which it was cited:  that there is no right to counsel in a civil case.  *Id.*

quotation marks omitted).  Applying the *Rucks* factors, I denied the original motion because (1) Defendant had failed to show sufficient complexity or merit in his claims to justify a request for voluntary assistance of pro bono counsel; (2) the nature of the factual issues in the case was straightforward, and (3) Defendant was ably representing his positions.  [Doc. 127] at 3.

Defendant has not asserted—much less shown—any intervening change in the controlling law, any new evidence that was previously unavailable, or any clear error.  *See Servants of the Paraclete*, 204 F.3d at 1012.  Defendant's Motion to Reconsider is nothing more than an attempt to get a second bite at the apple.  He has not shown that he is entitled to relief under Rule 59(e).

Second, and perhaps more importantly, I will deny the Motion to Reconsider because it is moot.  When I entered my November 15, 2012 Order [Doc. 127] denying Defendant's original motion for appointment of counsel, I was unaware that his case had, in fact, been referred to the pro bono committee for consideration on July 31, 2012.  I have since been advised that the committee declined to accept Defendant's case on August 20. 2012.[3]  Thus, Defendant has already received all the relief the Court could grant under the circumstances of this case, i.e., a referral to the pro bono committee.  Having reviewed the arguments raised in Defendant's Motion to Reconsider [Doc. 136] and the exhibits attached thereto, and for the same reasons set forth in my November 15, 2012 Order [Doc. 127], I do not believe the circumstances of this case warrant a second referral to the committee.

---

[3] I was unaware of the referral or the committee's decision until yesterday, January 3, 2013.

5

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Mark Hopkins' Motion to Reconsider Order Denying [93] Motion to Appoint Counsel [Doc. 136] is **DENIED**.

**IT IS SO ORDERED.**

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**