IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                   No. CIV 11-0416 JB/WPL

MARK HOPKINS; SHARON HOPKINS;
HOUSE OF ROYALE, INC.; SHALOM
ENTERPRISES, INC.; VICKI L. ASHCRAFT and
SUSAN G. SHADIX as trustees for GRACE
TRUST; ADVANCED ELECTRONICS; STATE
OF NEW MEXICO REVENUE DEPARTMENT;
and BAYVIEW LOAN SERVICING, LLC.

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on: (i) Defendant Mark Hopkins' Motion to Sanction Plaintiff and Assistant U.S. Attorney Manuel Lena, Jr., filed August 16, 2012 (Doc. 98)("Motion for Sanctions"); (ii) the Magistrate Judge's Proposed Findings and Recommend Disposition, filed December 28, 2012 (Doc. 143)("PF&RD"); (iii) Hopkins'[1] Motion to Object

---

[1] As the Honorable Stephan M. Vidmar, United States Magistrate Judge, has previously advised Defendant Mark Hopkins, see Order Denying Defendant Mark Hopkins' Motion for Appointment of Counsel at 2, filed November 15, 2012 (Doc. 127), and the PF&RD at 1 n.1, he may not file papers on behalf of his wife, Defendant Sharon Hopkins, because he is not her attorney. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."). In Hopkins' Motion to Object to Magistrate's Report of Findings and Recommendations Re: OSC Hearing of Dec. 10, 2012, filed December 21, 2012 (Doc. 140), and the Hopkins' Reply to United States' Objection to Magistrate Judge's Proposed Findings and Recommended Disposition, filed Jan. 24, 2013 (Doc. 155), M. Hopkins indicated "with permission" next to Sharon Hopkins' name, along with his own initials. *See* Hopkins' Motion to Object to Magistrate's Report of Findings and Recommendations Re: OSC Hearing of Dec. 10, 2012, at 17; Hopkins' Reply to United States' Objection to Magistrate Judge's Proposed Findings and Recommended Disposition, filed Jan. 24, 2013 at 14. This effort does not comply with the Federal Rules of Civil Procedure or with the Court's Local Rules. If S. Hopkins wishes to file documents with the Court, she must sign them

to Magistrate's Report of Findings and Recommendations Re: OSC Hearing of Dec. 10, 2012, filed December 21, 2012 (Doc. 140)("Def.'s Obj."); (iv) the United States' Objection to Magistrate Judge's Proposed Findings and Recommended Disposition, filed on January 14, 2013 (Doc. 150)("Pl.'s Obj."); and (v) Hopkins' Reply to United States' Objection to Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 24, 2013 (Doc. 155)("Def.'s Resp. to Pl.'s Obj.").   In the PF&RD, the Honorable Stephan M. Vidmar, United States Magistrate Judge, recommends that the Court deny M. Hopkins' Motion for Sanctions to the extent that M. Hopkins alleges a "consistent pattern" of discovery abuses, but recommends the Court grant the motion to the extent that Plaintiff United States of America be ordered to pay his expenses of $5.75 under rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.   The Court will overrule all of the objections, adopt the PF&RD, grant in part and deny in part M. Hopkins' Motion for Sanctions, and order the United States to reimburse M. Hopkins $5.75 in reasonable expenses under rule 37(a)(5)(A).

## FACTUAL BACKGROUND

M. Hopkins was convicted of tax evasion on September 29, 2010. See United States v. Mark Hopkins and Sharon Hopkins, No. CR 09-0863 MCA (D.N.M.). The United States brought this action to reduce to judgment the outstanding tax assessments against the Hopkins, and to recover the unpaid federal taxes, penalties, and interest assessed against them. See United States' Complaint at 1, filed May 13, 2011 (Doc. 1).   M. Hopkins is currently incarcerated and proceeding pro se.

---

herself. Accordingly, Hopkins' Motion to Object to Magistrate's Report of Findings and Recommendations Re: OSC Hearing of Dec. 10, 2012, and the Hopkins' Reply to United States' Objection to Magistrate Judge's Proposed Findings and Recommended Disposition, filed Jan. 24, 2013, are considered on M. Hopkins' behalf alone, although, because their interests are analogous, the consideration as such may not make much pretrial difference.

## PROCEDURAL BACKGROUND

The procedural history relevant to the Motion for Sanctions is complicated.  M. Hopkins propounded two sets of discovery, and each set triggered a series of motions, hearings, and rulings by the Court and by Judge Vidmar. It is helpful to review the procedural history of this case in relation to those two sets of discovery, because one set bears on this Memorandum Opinion and Order ("MOO"), whereas the other set does not. M. Hopkins' First Set of Discovery Requests, including Interrogatory 2, was postmarked March 12, 2012.   See United States' Response in Opposition to Hopkins' Motion to Extend Time at 2, filed June 7, 2012 (Doc. 62). That discovery gave rise to a motion to compel, a motion for sanctions, a show-cause hearing, the PF&RD, and this MOO. M. Hopkins' Second Set of Discovery Requests, including Interrogatory Nos. 7-19, was first mailed on or about August 20, 2012. See United States' Motion for Protective Order to Quash Hopkins' Discovery under Fed. R. Civ. P. 26(c) at 1, filed September 25, 2012 (Doc. 111). That discovery gave rise to five discovery motions, a hearing on the motions, and Judge Vidmar's order for the United States to answer Interrogatory Nos. 7-19. The issues that are material to this MOO all originate in the First Set of Discovery Requests, or in the motions and rulings related to it. The Second Set of Discovery Requests and the motions and rulings that followed it, although related, do not bear directly on this MOO.

The United States filed its Complaint on May 13, 2011. The Court ordered the parties to serve their initial disclosures by January 23, 2012. See Clerk's Minutes at 2, filed January 13, 2012 (Doc. 42). The United States served its initial disclosures on January 13, 2012. See Hopkins' Motion to Request Leave of the Court to Correct Error at 1, filed September 14, 2012 (Doc. 108). The initial disclosures included the names of persons likely to have discoverable

information but did not include their addresses or phone numbers. See Hopkins' Motion to Request Leave of the Court to Correct Error at 1.

M. Hopkins' First Set of Discovery Requests was postmarked March 12, 2012. See United States' Response in Opposition to Hopkins' Motion to Extend Time at 2. At issue here is Interrogatory No. 2, which requests, among other things, a list of the names of the Internal Revenue Service ("IRS") agents who had authored certain Notices of Deficiencies for the relevant tax years, as well as their contact information. See Motion to Extend Time at 14, filed May 29, 2012 (Doc. 60); Hopkins' Motion to Request Leave of the Court to Correct Error at 2. The United States responded to the First Set of Discovery Requests on April 19, 2012. See Defendants' Motion to Expand Time to Complete Discovery at 2, filed August 16, 2012 (Doc. 99). The United States did not, however, identify the agents or provide their contact information. See Motion to Extend Time at 14.  Instead, relying on rule 33(d) of the Federal Rules of Civil Procedure, the United States referred generally to documents that had been admitted as exhibits in M. Hopkins' criminal trial and indicated that the documents were furnished to M. Hopkins at that time.[2] See Motion to Extend Time at 14.

---

[2] Rule 33(d) provides:

**(d) Option to Produce Business Records.** If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

> **(1)** specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> **(2)** giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

-4-

On May 14, 2012, Mr. Hopkins wrote a thirty-two-page letter to counsel for the United States, asking, among other things, for hard copies of the exhibits and for the IRS agents' contact information. <u>See</u> Defendants' Motion to Expand Time to Complete Discovery at 3. On May 24, 2012, M. Hopkins moved for an extension of ninety days from the discovery deadline of June 15, 2012, to "allow for interrogatories and depositions of the witnesses yet to be determined once the Plaintiff has complied with the discovery." <u>See</u> Defendants' Motion to Expand Time to Complete Discovery at 3. By June 4, 2012, M. Hopkins had heard nothing from the United States. <u>See</u> Defendants' Motion to Expand Time to Complete Discovery at 3. Accordingly, on June 5, 2012, he filed a motion to compel the United States to respond to his First Set of Discovery Requests, including interrogatory 2, and to extend the discovery deadline. <u>See</u> Defendants' Motion to Expand Time to Complete Discovery at 3-4. On June 7, 2012, before a hearing was set on the motion to compel, the United States provided M. Hopkins with hard copies of all documents identified in its response to M. Hopkins' First Set of Discovery Requests. <u>See</u> United States' Response in Opposition to Hopkins' Motion to Extend Time at 1.

The Court held a hearing on the motions to compel and to extend discovery on July 24, 2012. <u>See</u> Clerk's Minutes at 1, filed July 24, 2012 (Doc. 90)("July 24 Clerk's Minutes"). At the hearing, the United States agreed to provide the agents' addresses and telephone numbers to M. Hopkins by close of business on July 31, 2012. <u>See</u> July 24 Clerk's Minutes at 2. Thus, the Court denied the motion to compel without prejudice to refile if the United States did not provide the contact information as agreed. <u>See</u> Memorandum Opinion and Order at 7, filed December 22,

---

Fed. R. Civ. P. 33(d). It is unclear from the record whether the information requested -- specifically the names, addresses, and phone numbers of the authors of the Notices of Deficiency -- was in the documents to which the United States referred.  As Judge Vidmar noted, however, the United States' responses referred to the documents specifically by Bates number, rather than saying, "see the exhibits introduced at your criminal trial."  The references to specific, Bates-numbered documents suggest that the information was in the referenced documents.

2012 (Doc. 142)("Dec. 22 MOO"). The Court also extended discovery by 45 days, which moved the deadline to September 7, 2012. See Minute Order, filed August 21, 2012 (Doc. 100). The Court cautioned M. Hopkins to use the additional time "judiciously." July 24 Clerk's Minutes at 3.

On July 31, 2012, the United States timely provided the agents' contact information. See Hopkins' Motion to Request Leave of the Court to Correct Error at 2. Nevertheless, on August 16, 2012, M. Hopkins moved the Court to sanction Plaintiff and its counsel for what he characterized as "a pattern of discovery abuses." Motion for Sanctions at 2. Specifically, Mr. Hopkins asserted that the United States withheld the list of "IRS person[n]el contact information . . . . until the very last possible moment." Motion for Sanctions at 4. He asserted that the delay prevented him from being able to complete discovery before the deadline. See Motion for Sanctions at 1-6. He argued further that had he received the information "in a timely manner, depositions and interrogatories would have already been completed." Motion for Sanctions at 5.

The Second Set of Discovery Requests was first mailed on or about August 20, 2012, directly to certain IRS agents. See United States' Motion for Protective Order to Quash Hopkins' Discovery under Fed. R. Civ. P. 26(c) at 1. Four motions followed,[3] and they reflect the evolution of M. Hopkins' attempts to obtain the information outlined in the Second Set of Discovery Requests: from the agents directly, then from the agents via the United States, and finally from the agents via deposition on written question. The United States resisted each

_____

[3] The United States filed a fifth motion, asking for a protective order quashing the Second Set of Discovery Requests served on the individual IRS agents. See United States' Motion for Protective Order to Quash Hopkins' Discovery under Fed. R. Civ. P. 26(c) at 1. Judge Vidmar denied the motion as moot, because M. Hopkins conceded that the individual agents were not subject to the Second Set of Discovery Requests. See Order Denying as Moot United States' Motion for Protective Order at 1-2, filed November 26, 2012 (Doc. 134).

attempt on various procedural grounds. First, M. Hopkins filed a motion to extend the discovery

deadline in order to propound the Second Set of Discovery Requests on the non-party, individual

IRS agents. <u>See</u> Motion to Extend. The Court had already informed M. Hopkins that non-parties

are not subject to such requests. <u>See</u> Clerk's Minutes at 2. Nevertheless, M. Hopkins insisted that

he was allowed to propound the Second Set of Discovery Requests on the individual agents

directly. <u>See</u> Hopkins' Motion to Request Leave of the Court to Correct Error at 4. He then filed

a second motion, asking, in the alternative, that the Court deem the Second Set of Discovery

Requests served on the United States "for the identified IRS agents." Hopkins' Motion to

Request Leave of the Court to Correct Error at 5.   His third filing was a "supplemental request

for discovery," in which he "rout[ed] the enclosed [Second Set of Discovery Requests] through

the US Attorney's Office to the designated IRS Agents." Hopkins' Supplemental Request for

Discovery through Interrogatories at 2, filed September 14, 2012 (Doc. 109). The Court sees no

substantive difference between the second and third motions. Finally, the fourth motion asked

the Court to grant M. Hopkins permission to depose the IRS agents upon written question and for

an extension of time to do so. <u>See</u> Motion for Leave of the Court to Cure Defect and Acquire

Discovery by Deposition through Subpoena with Expansion of Time, filed October 12, 2012

(Doc. 117).

At a hearing on December 10, 2012, Judge Vidmar heard from the parties on the motion

for sanctions, which flowed from the First Set of Discovery Requests, and on M. Hopkins' other

four motions, which flowed from the Second Set of Discovery Requests. <u>See</u> Clerk's Minutes at

1, filed December 18, 2012 (Doc. 138)("Dec. 10 Clerk's Minutes"). Judge Vidmar gave oral

rulings at the hearing and, later, issued two written opinions: one on the motion for sanctions, <u>see</u>

PF&RD, and another on the other four discovery motions, <u>see</u> Order on Motions for Extension of

Time to Complete Discovery, filed January 4, 2013 (Doc. 148)("Jan. 4 Order"). Judge Vidmar advised the parties, at the hearing, that that he intended to recommend an award of $5.75 for expenses under Rule 37(a)(5)(A). Dec. 10 Clerk's Minutes at 3. He further ruled that he would not extend discovery and that the United States was ordered to answer Interrogatory Nos. 7-19 in the Second Set of Discovery Requests. See Dec. 10 Clerk's Minutes at 3.

Judge Vidmar issued his PF&RD on December 28, 2012. He found that neither the United States nor its attorney had engaged in any conduct warranting the imposition of sanctions. See PF&RD at 5-6. He therefore recommended denying the motion for sanctions to that extent. See PF&RD at 5-6. He also found, however, that, because the United States had not produced the contact information until after M. Hopkins had filed his Motion to Compel, and as a direct result of the motion, he was bound to order the United States to reimburse M. Hopkins' reasonable expenses under rule 37(a)(5)(A).

Specifically, Judge Vidmar found that the United States' failure to provide the contact information -- either in its initial disclosures or in response to Mr. Hopkins' First Set of Discovery Requests -- was not substantially justified. See PF&RD at 8-10 (citing Fed. R. Civ. P. 37(a)(5)(A)). First, he found that the United States had the contact information when it provided its initial disclosures. See PF&RD at 9. Under rule 26(a), therefore, the United States should have provided it. See PF&RD at 9. Next, he found that it was irrelevant whether the United States had provided the contact information in M. Hopkins' criminal trial. See PF&RD at 9. Similarly, he found that even if M. Hopkins had been in possession of the contact information himself, the United States was still bound to produce it. See PF&RD at 9-10. Finally, Judge Vidmar found that M. Hopkins incurred $5.75 in expenses mailing a certified letter to the United

States' counsel, and he recommended awarding M. Hopkins reasonable expenses in that amount. See PF&RD at 10.

On January 4, 2013, Judge Vidmar entered his written opinion on the four motions related to the Second Set of Discovery Requests. See Jan. 4 Order at 1. Applying the factors from Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987), Judge Vidmar denied M. Hopkins's motions to extend discovery. See Jan. 4 Order at 7–8. He also found, however, good cause to order, pursuant to rule 26(a), the United States to respond to Interrogatory Nos. 7–19. See Jan. 4 Order at 8–9.

### THE DISTRICT COURT'S STANDARD OF REVIEW FOR ADOPTING PROPOSED FINDNGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also

receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district

court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the

magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).

In One Parcel, the Tenth Circuit, in accord with courts of appeals, expanded the waiver

rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The

Supreme Court of the United States -- in the course of approving the United States Court of

Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a
> magistrate's factual or legal conclusions, under a *de novo* or any other standard,
> when neither party objects to those findings. The House and Senate Reports
> accompanying the 1976 amendments do not expressly consider what sort of
> review the district court should perform when no party objects to the magistrate's
> report. See S.Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report);
> H.R.Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p.
> 6162 (hereafter House Report). There is nothing in those Reports, however, that
> demonstrates an intent to require the district court to give any more consideration
> to the magistrate's report than the court considers appropriate. Moreover, the
> Subcommittee that drafted and held hearings on the 1976 amendments had before
> it the guidelines of the Administrative Office of the United States Courts
> concerning the efficient use of magistrates. Those guidelines recommended to the
> district courts that "[w]here a magistrate makes a finding or ruling on a motion or
> an issue, his determination should become that of the district court, unless specific
> objection is filed within a reasonable time." See Jurisdiction of United States
> Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in
> Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st
> Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings). The Committee
> also heard Judge Metzner of the Southern District of New York, the chairman of a
> Judicial Conference Committee on the administration of the magistrate system,
> testify that he personally followed that practice. See id., at 11 ("If any objections
> come in, . . . I review [the record] and decide it. If no objections come in, I
> merely sign the magistrate's order."). The Judicial Conference of the United
> States, which supported the de novo standard of review eventually incorporated in
> § 636(b)(1)(C), opined that in most instances no party would object to the
> magistrate's recommendation, and the litigation would terminate with the judge's
> adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress
> apparently assumed, therefore, that any party who was dissatisfied for any reason
> with the magistrate's report would file objections, and those objections would
> trigger district court review. There is no indication that Congress, in enacting §
> 636(b)(1)(C), intended to require a district judge to review a magistrate's report to
> which no objections are filed. It did not preclude treating the failure to object as a
> procedural default, waiving the right to further consideration of any sort. We thus

-11-

find nothing in the statute or the legislative history that convinces us that
Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need
not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting
Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have
declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's
order does not apprise the pro se litigant of the consequences of a failure to object to findings and
recommendations.")(citations omitted). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while
"[a]ny party that desires plenary consideration by the Article III judge of any issue need only
ask," a failure to object "does not preclude further review by the district judge, sua sponte or at
the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit
noted that the district judge had decided sua sponte to conduct a de-novo review despite the lack
of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived
on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at
1060-61 (citing cases from other circuits where district courts elected to address merits despite
potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where no party objects to the magistrate judge's proposed findings and recommended
disposition, the Court has, as a matter of course in the past and in the interests of justice,
reviewed the magistrate judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-
0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff
failed to respond to the magistrate judge's proposed findings and recommended disposition,
although the Court determined that the plaintiff "has waived his opportunity for the Court to
conduct review of the factual and legal findings in the [proposed findings and recommended

disposition]," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3. The Court generally does not, however, review the magistrate judge's proposed findings and recommended disposition *de novo*, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3.  See Kirven v. Curry Cnty. Det. Ctr., No. CIV 06-1212 JB/WDS, 2012 WL 4947979, at *3 (D.N.M. Sept. 26, 2012)(Browning, J.)(adopting the magistrate judge's proposed findings and recommended disposition where the Court found that "the Magistrate Judge's  recommendation is [not] clearly erroneous, arbitrary, contrary to law, or an abuse of discretion"); Thurlo v. Guiding Star LLC, No. CIV 12-0889 JB/LFG, 2012 WL 5378963, at *3 (D.N.M. Sept. 26, 2012)(Browning, J.)(adopting the magistrate judge's proposed findings of fact and conclusion of law, noting: "The Court cannot say that the Magistrate Judge's recommendation for remand is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion."); Hudson v. Astrue, No. CIV 11-0522 JB/CG, 2012 WL 4950751, at *3 (D.N.M. Sept. 24, 2012)(same). This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no

review at all if its name is going to go at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## LAW REGARDING AWARDING EXPENSES UNDER RULE 37(a)(5)(A)

Rule 37 prescribes sanctions for parties who fail to comply with discovery until after a motion to compel is filed against them.  With some exceptions, when a party is compelled to provide discovery, or provides the discovery only after a motion to compel has been filed against it,  rule 37(a)(5) requires the court to order the responding party to pay the movant's reasonable expenses incurred in filing the motion:

> **(5) *Payment of Expenses; Protective Orders.***
>
> > **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).*  If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
> >
> > > **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > >
> > > **(ii)** the opposing party's  nondisclosure, response, or objection was substantially justified; or
> > >
> > > **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

## ANALYSIS

Both parties objected to Judge Vidmar's PF&RD.[4] The United States objects on several grounds, which are outlined below. See Pl.'s Obj. M. Hopkins objected on two grounds, see

---

[4]     M. Hopkins filed his objections shortly after the hearing, before Judge Vidmar's written PF&RD.  Compare Def.'s Obj. (which M. Hopkins filed December 21, 2012), with

Def.'s Obj., and also filed a response to the United States' objections, see Def.'s Resp. to Pl.'s Obj. While M. Hopkins filed his objections first, the Court will address the United States' objections first and then turn to M. Hopkins' objections.

## I.        **THE COURT WILL OVERRULE THE UNITED STATES' FIRST OBJECTION.**

The United States argues that the motion for sanctions represents an impermissible second bite at the apple. See Pl.'s Obj. at 1. It reasons that the Motion for Sanctions, which was filed on August 16, 2012, was duplicative of the Motion to Compel, on which Judge Vidmar had ruled on July 24, 2012. See Pl.'s Obj. at 1. The United States therefore objects to Judge's Vidmar's recommendation.

The United States' argument conflates the motion to compel, which Judge Vidmar heard and decided, with the Motion for Sanctions, which he had not heard or decided. To borrow the United States' analogy, indeed there were two bites, but there were also two apples. Compelling discovery and awarding sanctions, although sometimes related, are not the same apple. The United States cites no authority requiring M. Hopkins to seek sanctions at the same time he sought the underlying relief, and the Court finds none. Indeed, it is evident from the rules that a party may move for sanctions after a ruling on an underlying motion to compel. See Fed. R. Civ. P. 37(a)(5) (requiring courts to award expenses in certain circumstances, all of which occur _after_ the filing of a motion to compel, and most of which occur _after_ the ruling on a motion to compel)(emphasis added). Accordingly, the Court will overrule the United States' first objection.

## II.       **THE COURT WILL OVERRULE THE UNITED STATES' SECOND OBJECTION.**

---

PF&RD (which Judge Vidmar issued December 28, 2012). Thus, M. Hopkins did not have the benefit of Judge Vidmar's written analysis when he objected.

The United States argues that it has effectively been sanctioned twice. See Pl.'s Obj. at 3-4. It argues that Judge Vidmar's order to answer a portion of M. Hopkins' Second Set of Discovery Requests was a sanction under rule 37(a)(5)(C). See Pl.'s Obj. at 3-4. The United States concludes that, coupled with the recommendation to award expenses in the amount of $5.75, it has been "sanctioned" twice. Pl.'s Obj. at 3-4.

The United States' argument fails for two reasons. First, it is mistaken when it asserts that rule 37(a)(5)(C) applies because the PF&RD "recommended that Hopkins' [Doc. 98] motion for sanctions be granted in part and denied in part." Pl.'s Obj. at 4 (brackets in original). Rule 37(a)(5)(C) is inapplicable here, because, by its plain language, it addresses motions to compel that are granted in part and denied in part, as opposed to motions for sanctions that are (proposed to be) granted in part and denied in part. There is thus no reason to believe that, if Judge Vidmar's recommendations are adopted, the United States will be sanctioned twice. Rather, the PF&RD recommends an award of reasonable expenses under rule 37(a)(5)(A), and separate and apart from that recommendation, Judge Vidmar has ordered the United States to answer a portion of M. Hopkins' Second Set of Discovery Requests pursuant rule 26.1.

This distinction -- between the recommendation to award $5.75 and the order to answer certain discovery -- is a good segue to the second reason why the United States' objection fails. The United States' argument conflates Judge Vidmar's handling of the motions related to the First Set of Discovery Requests with his handling of the motions related to the Second Set of Discovery Requests. With respect to the First Set of Discovery Requests and the initial disclosures, Judge Vidmar has recommended that M. Hopkins be awarded $5.75 under Rule 37(a)(5)(A). See PF&RD at 7-10. With respect to the Second Set of Discovery Requests, Judge Vidmar ordered that the United States answer a portion of M. Hopkins' interrogatories

pursuant to Rule 26.1. See Jan. 4 Order at 8-9. These two actions are separate and distinct. They do not constitute two "sanctions" on the United States related to the contact information, because only one --the $5.75 recommendation -- flows from the withholding of the contact information. The order to answer certain interrogatories is not materially related to the contact-information issue. This objection is therefore overruled.

### III.     THE COURT WILL OVERRULE THE UNITED STATES' THIRD OBJECTION.

The United States' third objection is unclear, but it appears to argue that it should not be ordered to pay the $5.75, because M. Hopkins knew that his Second Set of Discovery Requests should not be served on the agents directly. See Pl.'s Obj. at 4. The Court will overrule this objection, because it also conflates the rulings on the First Set of Discovery with the rulings on the Second Set of Discovery. The United States is correct when it states that M. Hopkins knew that he should not serve the Second Set of Discovery Requests on the non-party agents. See July 24 Clerk's Minutes at 2. But this fact is not materially relevant to Judge Vidmar's recommendation to award $5.75 in expenses.

Judge Vidmar acknowledged the United States' point in his rulings related to the Second Set of Discovery.  See Jan. 4 Order at 7-9. He based his denial of M. Hopkins' multiple motions to extend discovery, in part, on the fact that the M. Hopkins had wasted the already-extended discovery time by serving interrogatories that he knew were futile. See Jan. 4 Order at 7-9.

The issue of the $5.75 is, however, different. The $5.75 flows from the First Set of Discovery. The United States' objection is not sound, because it is not materially relevant to Judge Vidmar's recommendation. The recommendation arises from the First Set of Discovery, while the objection arises from the Second Set of Discovery. The United States' objection, therefore, is overruled.

-17-

## IV.    THE    COURT    WILL    OVERRULE    THE    UNITED    STATES'    FOURTH    <u>OBJECTION</u>.

The United States objects, alleging that its objections to M. Hopkins' First Set of Discovery Requests should be evaluated before it is ordered to pay expenses for failing to respond. <u>See</u> Pl.'s Obj. at 4-5. This objection appears, at first blush, to make sense. Upon closer scrutiny, however, it fails for three reasons. First, the United States did not present this argument to Judge Vidmar, and, therefore, it is waived. <u>See</u> <u>United States v. Garfinkle</u>, 261 F.3d. at 1031 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). The waiver notwithstanding, the objection still fails. Even if the United States were correct, and it had a meritorious objection to the relevant interrogatory -- which is Interrogatory No. 2 in the First Set of Discovery Requests -- it would still have improperly withheld the contact information from its <u>initial disclosures</u>. In other words, the PF&RD provides two independent and equally valid bases for the award of expenses:  failure to provide the contact information in the initial disclosures and failure to provide it in response to the interrogatories. <u>See</u> PF&RD at 2, 8. A meritorious objection to the interrogatory would thus not remedy the failure in the initial disclosures, which on its own, justifies the award.

Second, both Judge Vidmar and the Court considered and rejected the United States' objection to Interrogatory No. 2, which is the interrogatory at issue here. The United States objected to Interrogatory No. 2 on the ground that it had previously provided the information to M. Hopkins during his criminal trial.[5]  Motion to Extend Time at 14 (response to Interrogatory

---

[5] In its Objections to the PF&RD, the United States argues that "many of Hopkins' interrogatories [were] objectionable because they [were] couched in discredited tax protestor arguments." Pl.'s Obj. at 4.  This characterization is not accurate with respect to the interrogatory at issue here, interrogatory number 2. <u>See</u> Hopkins' Reply to Certificate of Service of U.S.' Supplemental Response to Untimely Interrogatories # 7-19 [Doc. 152] and to U.S.' Response to Hopkins' Conditional Motion to Continue Trial Date to Resolve Discovery filed January 23,

No. 2).  This argument failed before the Court and failed a second time before Judge Vidmar.
See Dec. 22 MOO at 11 ("That the documents requested were records in a party's prior case, or
that information requested in a discovery request are equally available to the propounding party
is no excuse [for failing to provide it]."); PF&RD at 9 ("Even if, as it claims, the United States
had provided the witnesses' addresses and phone numbers during the M. Hopkins' criminal case,
that would not relieve it of its duty to provide them in this case.").  The United States' objection
is therefore overruled.

**V.     THE COURT WILL OVERRULE THE UNITED STATES' FIFTH OBJECTION.**

        Finally, the United States objects to the proposed award of $5.75, because, it argues, the
award would be unfair considering that M. Hopkins' initial disclosures also lacked contact
information. Pl.'s Obj. at 5. The United States alleges that pro se M. Hopkins' initial disclosures
were missing addresses and phone numbers and did not identify any IRS personnel. Pl.'s Obj. at
5. Likening M. Hopkins' allegedly inadequate initial disclosures with the United States' actions -
- incomplete initial disclosures, inadequate answer to M. Hopkins' Interrogatory No. 2, disregard
of M. Hopkins' letter requesting the information, delay in producing the information until after
M. Hopkins incurred $5.75 in attempting to obtain it, delay until after M. Hopkins moved to
compel it, and further delay until the Court held a hearing on the motion to compel -- the United
States argues that if it is ordered to pay the $5.75 award for withholding the contact information
at issue, "justice [will] be meted out disproportionately against the United States." Pl.'s Obj. at 5.

        This objection fails for several reasons. First, the United States did not assert this

_____

2013, filed February 4, 2013 (Doc. 160), at 14 (objecting on the ground that the United States
had previously provided the information in the criminal trial); see also id. at 12-14 (restating the
United States' "general objections" to the First Set of Discovery requests, and asserting that none
of the objections are related to "discredited tax-protestor arguments").  The Court need not
address objections beyond those asserted in response to Interrogatory No. 2 in the First Set of
Discovery Requests.

argument before Judge Vidmar, and, therefore, it is waived. Second, the United States never objected to M. Hopkins' initial disclosures. Third, the United States never requested the allegedly missing information from M. Hopkins via discovery. Fourth, the United States' counsel never directly wrote to M. Hopkins requesting the information. Fifth, the United States has not shown that it incurred any reasonable expense in trying to obtain the information from M. Hopkins. Sixth, the United States never moved to compel the information from M. Hopkins. Seventh, the United States never moved the Court for reimbursement of any expenses. Eighth, although M. Hopkins is representing himself adequately, he is pro se. Thus, his filings must be interpreted more liberally than those drafted by attorneys, such as Plaintiff's counsel. See, e.g., Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008)(holding that filings by pro se litigants are construed liberally). Moreover, the United States' counsel is not just a licensed attorney, he is an Assistant United States Attorney who -- based on his address with the Department of Justice's Tax Division in Dallas -- appears to specialize in tax litigation. A stricter level of adherence to the rules is thus expected of the United States' counsel than of pro se M. Hopkins.  For these reasons, the United States' comparison of its actions to M. Hopkins' allegedly inadequate initial disclosures does not stand up.  The objection, therefore, is overruled.

## VI.    THE COURT WILLL OVERRULE M. HOPKINS' FIRST OBJECTION.

M. Hopkins' objections warrant some clarification. First, he erroneously presumes that Judge Vidmar recommended that the Court sanction him under rule 37(b)(2)(C). Def.'s Obj. at 2. To the contrary, Judge Vidmar indicated that he proposed awarding reasonable expenses to M. Hopkins under rule 37(a)(5)(A).  Rule 37(b) applies where a party fails to comply with a court order. There is no allegation of any party failing to comply with a court order, and therefore, rule 37(b) is not implicated.

Second, although M. Hopkins agrees that Plaintiff improperly failed to provide the agents' contact information for a period of time, he also asserts that Judge Vidmar "ignored" his allegations of "flagrant discovery abuse," Def.'s Obj. at 3, or at least was "sidetracked" by the contact-information issue, Def.'s Obj. at 11. The thrust of M. Hopkins' objection is that Plaintiff violated rules 26(a) and 33(b)(3) by failing to completely answer and supplement its answers to M. Hopkins' First Set of Discovery Requests. See Def.'s Obj. at 3, 5, 8, 12. M. Hopkins in his Def.'s Obj. broadens his focus from his Motion for Sanctions. In the Motion for Sanctions, he sought sanctions for the withholding of the contact information requested in Interrogatory No. 2 of the First Set of Discovery Requests only. Rather than restricting his objections to Interrogatory No. 2, he expands his objection to include other requests and issues regarding the First Set of Discovery Requests. See Def.'s Obj. 3, 5, 8, 12. M. Hopkins insists that the United States has never adequately answered the First Set of Discovery Requests, and that such failure amounts to "classic discovery abuse." Def.'s Obj. at 8.  Thus, M. Hopkins asserts that he is entitled to a plethora of relief, including monetary sanctions and dismissal of the case. See Def.'s Obj. at 13-15, 19.

Specifically, M. Hopkins objects to the recommendation on the ground that the circumstances warrant sanctions far greater than $5.75, including dismissal of the case under rule 37(b)(2)(A), and (C). See Def.'s Obj. M. Hopkins argues that the United States' failure to properly respond to his First Set of Discovery Requests violates rule 33(b)(3) as well as the United States' duty to supplement under rule 26(a). See Def.'s Obj. at 12.  In particular, M. Hopkins asserts that "the Court was premature in accepting that the [hard copies produced to M. Hopkins] fulfilled the demands of the Interrogatories." Def.'s Obj. at 4. He argues, therefore, that he should be awarded sanctions greater than $5.75 under rule 37(b). Def.'s Obj. at 4-5.

The objection is untimely. If M. Hopkins was dissatisfied with the United States' response to his First Set of Discovery Requests, the time to raise the matter was at the hearing on the motion to compel on July 24, 2012. M. Hopkins had been in possession of the United States' initial response since about April 19, 2012, see Motion to Extend Time at 3, and of the hard copies since about June 7, 2012, see United States' Response in Opposition to Hopkins' Motion to Extend Time at 1. Thus, he should have known by July 24, 2012, whether they were adequate. At the hearing, however, M. Hopkins informed the Court that the only outstanding discovery issue was the missing contact information for the agents. See July 24 Clerk's Minutes at 2-3; Dec. 22 MOO at 5-6, 7. The United States agreed to produce that information and, in fact, did produce it on July 31, 2012. See United States' Response Opposing Hopkins' Motion for Sanctions at 2, filed August 29, 2012 (Doc. 104). There was no mention at the hearing of any other outstanding discovery. See July 24 Clerk's Minutes at 2-3. M. Hopkins should have raised any complaint he had regarding the United States' responses at the hearing in July, not in December, in objections to the PF&RD. Thus, the objection is overruled.

**VII.    THE COURT WILL OVERRULE M. HOPKINS' SECOND OBJECTION.**

Finally, M. Hopkins offers his opinion that the case against him will likely cost more than it will net. <u>See</u> Def.'s Ob. at 15-16. It is unclear how this argument is intended to relate to the PF&RD. In any case, it is not relevant to the recommendations in the PF&RD. Moreover, he did not raise the argument before Judge Vidmar, so it is waived. <u>See</u> <u>United States v. Garfinkle</u>, 261 F.3d. at 1031.  The Court, therefore, overrules the objection.

Neither side has shown that the PF&RD is clearly erroneous or contrary to law. Moreover, the Court agrees with Judge Vidmar that the United States was not substantially justified in withholding the contact information until after the motion to compel was filed.  Thus, rule 37(a)(5)(A) requires an award of reasonable expenses. The Court agrees that $5.75 is appropriate.

**IT IS ORDERED** that: (i) the Hopkins' Motion to Object to Magistrate's Report of Findings and Recommendations Re: OSC Hearing of Dec. 10, 2012, filed December 21, 2012 (Doc. 140), is overruled; (ii) the United States' Objection to Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 14, 2013 (Doc. 150), is overruled; (iii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 28, 2012 (Doc. 143), is adopted; and (iv) Mark Hopkins' Motion to Sanction Plaintiff and Assistant U.S. Attorney Manuel Lena, Jr., filed August 16, 2012 (Doc. 98), is granted in part and denied in part. Plaintiff United States of America shall pay Defendant Mark Hopkins $5.75 in reasonable expenses pursuant to rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Kenneth J. Gonzales
  United States Attorney
Albuquerque, New Mexico

-- and --

Manuel P. Lena Jr.
Herbert W. Linder
Tax Division
United States Department of Justice
Dallas, Texas

   *Attorneys for the Plaintiff*

Mark E. Hopkins
Federal Correctional Institution La Tuna
Anthony, Texas

   *Defendant pro se*

Sharon J. Hopkins
Federal Correctional Institution Phoenix
Phoenix, Arizona

   *Defendant pro se*

Michael B. Neill
Attorney at Law
Austin, Texas

-- and --

Peggy Whitmore
LeNatria Holly Jurist
Castle Stawiarski, LLC
Albuquerque, New Mexico

--  and --

Arturo L. Jaramillo
Cuddy & McCarthy LLP
Santa Fe, New Mexico

-- and --

Elizabeth Mason

Albuquerque, New Mexico

      *Attorneys for Defendant Bayview Loan Servicing, LLC*

Beth L. Hightower
Sanders, Bruin, Coll & Worley, P.A.
Roswell, New Mexico

      *Attorneys for Defendant Advanced Electronics*

Lewis J. Terr
  Special Assistant Attorney General
New Mexico Attorney General's Office
Santa Fe, New Mexico

      *Attorneys for Defendant New Mexico Taxation and*
        *Revenue Department*